**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Fiberoptic Hardware, LLC and George Kyrias,<br><br>    Defendants. | No. CV11-01081-PHX-DGC<br><br>**ORDER** |

Defendant Fiberoptic Hardware, LLC asks the Court to reconsider the October 5, 2011 preliminary injunction. Doc. 36. The Court requested additional briefing on the merits of an injunction on used and refurbished splicers (Doc. 37) and reviewed the memoranda filed by the parties. Docs. 36, 39, 40. Requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court will deny Defendant's motion for reconsideration.

**I.    Background.**

Plaintiff sought preliminary injunctive relief with respect to its Lanham Act claims and copyright infringement claims. Doc. 6. The Court concluded that the Lanham Act claims raise serious questions, that Plaintiff is likely to suffer irreparable harm absent preliminary relief, that the balance of equities tips sharply in Plaintiff's favor, and that an injunction is in the public interest. Doc. 30, at 16. After reviewing the parties' simultaneous proposed injunctions (Doc. 32), the Court entered a preliminary injunction

on October 5, 2011. Doc. 34. Defendant now asks the Court to reconsider the preliminary injunction as applied to the sale of used and refurbished splicers. Doc. 36.

## II. Legal Standard.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) new material factual events have occurred after the Court's initial decision, (3) there has been a material change in the law after the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

## III. Discussion.

Neither Defendant nor Plaintiff presented arguments on the distinction between new and used or refurbished splicers in their briefing on Plaintiff's motion for a preliminary injunction. Docs. 6, 21, 22. The parties did not raise the issue until their joint report to the Court on September 30, 2011 (Doc. 32) in response to the Court's

request for simultaneous proposed injunctions.  Doc. 30, at 17.  The preliminary injunction ordered by the Court does not enjoin Defendant from selling used or refurbished splicers.  Defendant is permitted to do so as long as "it can demonstrate that such fusion splicer has been manufactured and licensed for sale and use in the United States" and that "such fusion splicer has [not] been materially altered or modified" in a manner consistent with the preliminary injunction.  Doc. 34.  Defendant now reiterates that these requirements in the preliminary injunction should apply only to new splicers.  Doc. 36-2.  Defendant argues that Plaintiff is not likely to succeed on the merits regarding used and refurbished splicers, that Plaintiff has not established that it will suffer irreparable harm with respect to the used and refurbished splicers, that the balance of equities tips in Defendant's favor, and that the public would be harmed if used and refurbished products were kept from the market.  Doc. 36.

In its order granting a preliminary injunction, the Court determined that Plaintiff's Lanham Act claims raise serious questions as to whether there are material differences between the domestic fusion splicers distributed by Plaintiff and the gray market goods resold by Defendant.  Doc. 30, at 13.  Plaintiff argued, and Defendant did not dispute, that "the public interest is usually the right of the public not to be deceived or confused."  Doc. 30, at 11 (quoting *Century 21 Real Estate LLC v. All Prof'l Realty, Inc.*, No. CIV-10-2751, 2011 WL 221651, at *13 (E.D. Cal. Jan. 24, 2011)).  The Court agrees with Plaintiff that Defendant has not provided evidence that a used gray market splicer is any different from a new gray market splicer other than additional wear and tear.  Doc. 39, at 2.  Defendant claims that "because used products 'generally cost the customer less' consumers expect used and new products to be different."  Doc. 36, at 6 (quoting *Champion Spark Plug Co. v. Sanders*, 331 U.S. 125, 130 (1947)).  The wear and tear contemplated by the Supreme Court in *Champion Spark Plug Co.* is not the concern that necessitated the preliminary injunction.  The concern here is improper licensing.  Plaintiff identified a confused consumer, the Minnesota Air National Guard (the "ANG"), that purchased grey market splicers not licensed for domestic use from Defendant, and as a

result, received an error message and was unable to update the software in the field.  *See* Doc. 30, at 12.  The Court concludes, and Defendant has not shown otherwise, that both new and used grey market splicers are capable of causing consumer confusion due to improper licensing.  The scope of the preliminary injunction is therefore appropriate.

Defendant has not shown material differences in fact or law that were not and could not have been presented to the Court prior to ordering the preliminary injunction.  Nor does Defendant allege new factual events, an intervening change in the law, or that the Court failed to consider facts that were before it.   Defendant claims that it seeks to present new evidence that it previously had no reason to present because Plaintiff's motion for a preliminary injunction did not address used and refurbished splicers.  Doc. 36, at 4-5.  This reasoning is not proper grounds for the Court to grant a motion for reconsideration.

Defendant is correct that it was not the Court's intent to prevent Defendant from selling any Fujikura splicer.  Doc. 36, at 4, n.2.  The preliminary injunction currently prohibits Defendant from selling "any fusion splicer bearing any of the FUJIKURA marks . . . unless it can demonstrate that such fusion splicer has been manufactured and licensed for sale and use in the United States . . . ."  Doc. 34, at 1.  To avoid any confusion that may arise from the fact that no Fujikura splicers are manufactured in the United States, and absent objection from Plaintiff, the Court will modify that sentence of the preliminary injunction to prohibit Defendant from selling "any fusion splicer bearing any of the FUJIKURA marks . . . unless it can demonstrate that such fusion splicer has been licensed for sale and use in the United States . . . ."  Fed. R. Civ. P. 54(b).

**IT IS ORDERED:**

1. Defendant's motion for reconsideration (Doc. 36) is **denied**.

2. The preliminary injunction (Doc. 34) is modified as set forth in this order.

Dated this 18th day of November, 2011.

_____
David G. Campbell
United States District Judge