**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>  Plaintiff,<br><br>vs.<br><br>Fiberoptic Hardware, LLC,<br><br>  Defendant. | No. CV11-1081-PHX-DGC<br><br>**ORDER** |

Plaintiff and Counterdefendant AFL Telecommunications LLC ("AFL") moves to dismiss the second counterclaim by Defendant and Counterclaimant Fiberoptic Hardware, LLC ("FOH") pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 38. FOH opposes the motion and, in the alternative, requests leave to amend the second counterclaim. Doc. 41. The motion is fully briefed. Docs. 38, 41, 43. The parties do not request oral argument. For the reasons below, the Court will grant AFL's motion to dismiss and grant FOH leave to amend.

When analyzing a claim under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim.'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the claim

must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate where the claim lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

In its second counterclaim, FOH seeks a declaratory judgment that the Fujikura trademarks at issue are invalid. Doc. 33, at 9-10. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). In its opposition to the motion to dismiss, FOH cites this standard and concludes that "[t]he answer to each of those questions is yes. AFL has sued FOH for trademark infringement and FOH is entitled to a declaratory judgment describing its rights. That is all FOH has to show in order to survive a motion to dismiss its claim for declaratory relief." Doc. 41, at 1-2. The Court disagrees. FOH has not alleged any facts that meet the required showing. FOH makes only these assertions in its second counterclaim for declaratory judgment:

> 8. A real and actual controversy exists between Counter-Plaintiff FOH and Counter-Defendant AFL as to whether FOH is infringing valid trademarks of AFL. The controversy warrants declaratory relief.
>
> 9. The Fujikura marks at issue (U.S. Reg. no 2,332,588 and U.S. Reg. No. 3,774,956 are invalid and subject to cancellation.
>
> 10. Pursuant to 15 U.S.C. § 1119, FOH seeks a declaration that the Fujikura marks at issue are invalid.

Doc. 33, at 9-10. These assertions are the type of "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," that the Supreme Court held insufficient to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949.

FOH's second counterclaim also fails to advance a legal theory for the relief it seeks. In its opposition to the motion to dismiss, FOH suggests that "[l]egal theories . . . include, among others, laches/acquiescence or that the Fujikura mark has become generic." Doc. 41, at 2-3. FOH also claims that, "[b]ecause of the extensive briefing already submitted in this case, and FOH's counter-claims themselves, AFL is on notice of FOH's claims." Doc. 41, at 2. The Court, however, may not assume that the plaintiff can prove facts different from those alleged in the claim itself. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

FOH requests leave to amend the second counterclaim in the event that AFL's motion to dismiss is granted. Doc. 41, at 4. AFL does not oppose this request. The Court will grant FOH leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

**IT IS ORDERED:**

1. Plaintiff/Counterdefendant's motion to dismiss (Doc. 38) is **granted**.
2. Defendant/Counterclaimant's request to amend (Doc. 41) is **granted**. Defendant/Counterclaimant shall file an amended second counterclaim by **December 16, 2011**.

Dated this 1st day of December, 2011.

David G. Campbell
United States District Judge