**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>Plaintiff,<br><br>v.<br><br>Fiberoptic Hardware, LLC,<br><br>Defendant. | No. CV11-01081-PHX-DGC<br><br>**ORDER** |

Pursuant to the Court's April 26, 2012 order (Doc. 61) and Federal Rule of Civil Procedure 55(b)(2), Plaintiff AFL Telecommunications LLC ("AFL") has filed a motion for entry of default judgment against Defendant Fiberoptic Hardware, LLC ("FOH"), including an award of damages, costs, and attorneys' fees, and entry of a permanent injunction. Doc. 62. The Court will grant the motion.

**I.    Procedural Background.**

AFL filed its original complaint on May 31, 2011, against Defendants Fiberoptic Hardware, LLC ("FOH") and George Kyrias, alleging four claims: federal unfair competition, false description, and false designation of origin under 15 U.S.C. § 1125(a), federal false advertising under 15 U.S.C. § 1125(a), common law unfair competition, and copyright infringement. Doc. 1. AFL moved for a preliminary injunction. Doc. 6. On September 20, 2011, the Court dismissed the claims against Mr. Kyrias for lack of personal jurisdiction, dismissed the copyright infringement claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim to relief, and granted a preliminary injunction with respect to the Lanham Act claims. Doc. 30. The preliminary

injunction was entered on October 5, 2011.

On January 17, 2012, the parties stipulated to the filing of AFL's first amended complaint. Doc. 51. The Court granted AFL leave to amend on January 26, 2012 (Doc. 52), and AFL filed its amended complaint on January 31, 2012. Doc. 53. In its amended answer, FOH asserted three counterclaims: intentional interference with contracts and business expectancies, declaratory judgment of trademark invalidity, and federal false advertising. Doc. 54, at 9-11. AFL filed an answer to the counterclaims. Doc. 55.

On April 3, 2012, FOH moved for partial summary judgment with respect to AFL's claims for monetary damages and attorneys' fees. Doc. 56. On April 23, 2012, FOH filed a motion to withdraw counsel. Doc. 60. Following the Court's April 26, 2012 telephonic conference with the parties, the Court denied the motion for partial summary judgment as moot (Doc. 56), granted the motion to withdraw attorney (Doc. 60), and entered default against FOH. Doc. 61.

**II.  Legal Standard.**

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." After a default has been entered and the defendant fails to appear or move to set aside the default, the Court may, on the plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Granting default judgment is within the Court's sound discretion. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court should consider in deciding whether to grant default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in

plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### III.   Discussion.

Pursuant to Rule 55(b)(2), AFL seeks the following default judgment against FOH:  (1) a permanent injunction on the Lanham Act claims, under 15 U.S.C. § 1116(a), that enjoins FOH from importing, buying, selling, or otherwise trafficking in Fujikura fusion splicers unless those splicers can be shown to be authorized for sale in the United States; (2) damages on the Lanham Act claims, under 15 U.S.C. § 1117(a), in the amount of $217,341; (3) costs on the Lanham Act claims, under 15 U.S.C. § 1117(a), in an amount to be determined by the Court;[1] and (4) attorneys' fees on the Lanham Act claims, under 15 U.S.C. § 1117(a), in an amount to be determined by the Court.  Doc. 62, at 7-11.

Having considered AFL's motion for entry of default judgment, which addresses each *Eitel* factor (Doc. 62, at 11-12), the Court concludes that default judgment is appropriate.  AFL will be prejudiced if default is not entered because, absent judgment, it will be without recourse for recovery.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

A review of AFL's complaint shows that it has sufficiently set forth meritorious claims for relief.  While the Court dismissed the copyright infringement claim under Rule 12(b)(6), the Lanham Act claims in the original complaint (Doc. 1), restated in the amended complaint (Doc. 53), were sufficient to justify a preliminary injunction.  *See* Doc. 30.  Given the sufficiency of the amended complaint and FOH's default, there is no dispute concerning any material facts.

With respect to the amount at stake, AFL seeks $217,341 in damages for its Lanham Act claims.  This figure is properly documented, contractually justified, and reasonably proportionate to the harm caused by FOH's actions.  *See Bd. of Trustees of*

---

[1] AFL requests an award of costs in an amount to be shown in a bill of costs, to be submitted within 14 days of entry of judgment.  Doc. 62, at 10.

- 3 -

*Cal. Metal Trades v. Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 797922, at *1 (N.D. Cal. Dec. 15, 1997). FOH's interrogatory response indicates that it may have sold as many as 32 Fujikura FSM-60R and FSM-60S splicers, which it has identified by serial number. Doc. 62, at 9; Doc. 62-12, at 2-3. Fujikura has confirmed that, based on the serial numbers, only one of these splicers could have been authorized for sale in the United States. Doc. 62, at 9. Twenty-eight of the remaining 31 splicers had to have been FSM-60S splicers, because there are no FSM-60R splicers with those numbers. *Id.* at 9-10. With respect to two of the remaining three splicers, neither an FSM-60R or FSM-60S splicer bearing that number was originally sold in North America. *Id.* at 10. Given that 28 of 31 are known to have been 60S models, AFL assumes that the one remaining unit was also an FSM-60S, in which case it would not have been originally sold in North America. *Id.* AFL is able to pay the fixed costs related to the sale of the splicers with the sales it has actually made. *Id.* The variable costs that AFL incurs on the sale of a Fujikura splicer consist of the cost of the splicer itself, commissions paid to sales personnel, and shipping costs. Doc. 62-2, at 6 (Althoff Decl. ¶ 17). When those variable costs that AFL would have incurred on the sale of an FSM-60S or FSM-60R splicer are deducted from the typical sales price it would have received, AFL's monetary loss on each sale lost to a gray market seller is approximately $7,011 per unit for an FSM-60S splicer and $8,001 for an FSM-60R splicer. *Id.* Assuming that all 31 of the splicers sold by FOH were FSM-60S splicers, the total loss to AFL is $217,341. *Id.*

With respect to the remaining *Eitel* factors, FOH was aware that withdrawal of its counsel would result in default judgment, so the default did not result from excusable neglect. While cases should be decided on their merits whenever reasonably possible, *Eitel*, 782 F.2d at 1472, the existence of Rule 55(b) indicates that this preference alone is not dispositive, *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996). FOH's default makes a decision on the merits "impractical, if not impossible." *Pepsico*, 238 F. Supp. 2d at 1177.

### III. Motion to Reconsider and Request for Leave to Amend.

AFL asks the Court to reconsider its previous decision (Doc. 30) that it lacks personal jurisdiction over George Kyrias. Doc. 62 at 8. In support, AFL argues that Mr. Kyrias is engaged in a "shell game" to protect his assets from the liability arising in this case. Doc. 62, at 5. AFL alleges that Kyrias has recently filed articles of incorporation for a new company called Fiberoptic Resale, and that, like FOH, Fiberoptic Resale is engaged in the purchase and sale of electronics equipment. Doc. 62, at 6. AFL alleges that the new company is operating out of the same Arizona and New Hampshire business addresses as FOH, and is effectively continuing the FOH business. These facts, however, do not address Mr. Kyrias's direct personal contacts with Arizona, and do not provide a basis for reconsidering the Court's earlier jurisdictional decision.

AFL also asks the Court to grant leave to amend the complaint to name Kyrias, Fiberoptic Resale Corp., and Granite State Electronics, LLC as Defendants. Doc. 62 at 8. The request does not comply with LRCiv 15.1 and therefore will be denied. In addition, this case has proceeded to the judgment stage. The Court concludes, in its discretion, that amendment of the complaint would be untimely and would prolong completion of a case that has been pending for one year. If AFL wishes to sue these entities, it must do so in a new case.

The proposed permanent injunction submitted by AFL includes George Kyrias, Fiberoptic Resale Corp., and Granite State Electronics, LLC. Doc. 62-1. Because these individuals and entities are not parties to this litigation, the Court will not include them in the injunction. The injunction will be limited to the persons and entities identified in Rule 65(d)(2).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 62) is **granted**. Default judgment will be entered in favor of Plaintiff AFL Telecommunications LLC and against Defendant Fiberoptic Hardware, LLC in the amount of $217,341.

2. Plaintiff's motion for reconsideration and request for leave to file an

amended complaint (Doc. 62, at 8) are **denied**.

3. Default judgment will be entered in favor of Plaintiff on Defendant's counterclaims (Doc. 54).

4. The Court will enter judgment in a separate order.

5. Plaintiff may file a motion for attorneys' fees and costs on or before **June 8, 2012**.

Dated this 31st day of May, 2012.

_____
David G. Campbell
United States District Judge